## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SONYA JONES, | |
| **Plaintiff**, | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **HUNSTMAN CANCER HOSPITAL,** | **Case No. 2:12CV814 DAK** |
| **Defendant**. | |

This matter is before the court on Huntsman Cancer Hospital's Motion to Dismiss.[1]  A hearing on the motion was held on April 11, 2013.  At the hearing, Plaintiff was represented by David J. Holdsworth, and Defendant Huntsman Cancer Hospital was represented by Timothy D. Evans.   The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff worked as a staff nurse at the Huntsman Cancer Hospital, until she was dismissed in January 2010.  Plaintiff alleges that she was dismissed due to her age, and she has therefore brought this action, asserting claims for: (1) breach of contract; (2) discrimination under the ADEA; (3) harassment under the ADEA; (4) retaliation under the ADEA; and (5)

---

[1]  In the Complaint, Defendant was named as "Huntsman Cancer Hospital," but it refers to itself as "University of Utah Huntsman Cancer Hospital."  At this juncture, the court will refer to it as Huntsman Cancer Hospital.

perhaps some claims under Title VII of the Civil Rights Act of 1964.

Defendant argues that Plaintiff's Complaint must be dismissed in its entirety because (1) the breach of contract claim is barred by the Utah Anti-Discrimination Act ("UADA"); (2) the Eleventh Amendment bars Plaintiff's ADEA claims; and, (3) to the extent that Plaintiff intended to assert a cause of action under Title VII, she has failed to state a claim.[2]

## DISCUSSION

### 1.  Breach of Contract Claim

Plaintiff asserts that "the Defendant's commitments to comply with the ADEA formed part of the Defendant's contract of employment with [Plaintiff]."  In essence, Plaintiff argues that the policies promulgated by Defendant create a contract that was breached by the Defendant's alleged discriminatory conduct.

The Utah Court of Appeals, however, has rejected the very theory of recovery that Plaintiff presents here.  *See Code v. Utah Department of Health*, 174 P.3d 1134, 1137 (Utah App. 2007).  In *Code*, the plaintiff argued that the employer's rules forbidding discrimination were contractual in nature.  *Id*.  The court noted that "while personnel policy manuals . . . can create contractual rights, any contractual rights so created must be consistent with the underlying statutes." *Id*. at 1136 (citations and quotations omitted).  As an employer in Utah, Defendant is subject to the Utah Anti-discrimination Act ("UADA"), which forbids discrimination on the basis of age.   The UADA, however, provides "the exclusive remedy under state law for

---

[2]  At the hearing and in the briefing of the instant motion, Plaintiff's counsel conceded that he did not intend to assert a cause of action under Title VII.

employment discrimination based upon . . . age."  Utah Code Ann. § 34A-5-107(15)(f).

Accordingly, "any provisions in the . . . Employee Handbook purporting to vest [an] . . .

employee with additional contractual rights against discrimination would be contradictory to

these statutory provisions – specifically the exclusivity mandate – and would necessarily be

invalid."  *Code*, 174 P.3d at 1137.   Despite Plaintiff's arguments to the contrary, a breach of

contract claim is a state law claim and is clearly barred by the exclusive remedy provision of the

UADA and by the Utah Court of Appeals' decision in *Code*.   Therefore, Plaintiff's First Cause

of Action (breach of contract) must be dismissed.

## 2.  ADEA Claim

Plaintiff's Second, Third, and Fourth Causes of Action allege ADEA violations.

Defendant argues, however, that these claims are barred because Huntsman Cancer Hospital is an

"arm of the State" and therefore is a sovereign immune from suit under Eleventh Amendment to

the United States Constitution.

Defendant has provided evidence about the Huntsman Cancer Hospital's status as part of

the University and argues that Huntsman is not "beyond" the University Medical Center.  Rather,

it argues, Huntsman and the University Medical Center are both part of the University of Utah

Health Sciences Center ("UUHSC"), which is a branch of the University devoted to the study of

health sciences and the provision of patient services.  Huntsman contends that it is under the

umbrella of the University of Utah Hospitals and Clinics, which, in turn, is under the umbrella of

UUHSC.  It also claims that the University, exercises full control over UUHSC, including

Huntsman.  Thus, Defendant argues, *Watson* clearly establishes that Defendant is entitled to

Eleventh Amendment immunity.

Plaintiff, however, has challenged whether the Huntsman Cancer Hospital is truly an "arm of the State."   While the University of Utah Medical Center is an arm of the state, *see Watson v. University of Utah Medical Center*, 75 F.3d 569, 577 (10th Cir. 1996), Plaintiff questions whether *Watson*'s holding extends to other medical facilities "beyond" the University of Utah Medical Center.  Plaintiff further contends that on the record before the court pertaining to the instant motion to dismiss, the court cannot conclude as a matter of law that Huntsman Cancer Hospital is an "arm of the State."[3]  Moreover, Plaintiff argues, even if it is an arm of the State, Plaintiff may still pursue injunctive relief against Defendant under *Ex Parte Young*.

The court agrees that, on the record before the court and in light of the procedural posture of this case, the court cannot conclude at this juncture that Huntsman Cancer Hospital is an arm of the state.  The court will permit Plaintiff to conduct discovery limited to whether Huntsman Cancer Hospital is an arm of the state, considering the factors set forth in *Sturdevant v. Paulsen*, 218 F.3d 1160 (10th Cir. 2000) and *United States ex rel. Sikkenga v. Regence Blue Cross Blushield of Utah*, 472 F.3d 702, 716-722 (10th Cir. 2006) (reversing district court's determination that the Associated Regional and University Pathologists ("ARUP") was an arm of the state).

Regarding Plaintiff's argument that she is nevertheless entitled to pursue prospective

---

[3]   Plaintiff further argues that, even if it is an arm of the State, it has waived its sovereign immunity by enacting the UADA and/or the Governmental Immunity Act of Utah.  The court finds that these arguments have no merit.

injunctive relief, the court agrees that a plaintiff may be able to obtain injunctive relief against a public officer sued in his or her official capacity, but Plaintiff here has not named any individual in his or her official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985) ("In an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome by naming state officials as defendants.").  The court however, grants leave to Plaintiff to amend her Complaint if she so desires.[4]

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Huntsman Cancer Hospital's Motion to DISMISS [Docket No. 8] is GRANTED in part and DENIED in part. Plaintiff's First Cause of Action for Breach of Contract is DISMISSED, but her ADEA claims are not dismissed at this juncture.   Plaintiff is granted leave to conduct discovery on the narrow issue of whether Huntsman Cancer Hospital is an arm of the State, and such discovery must be completed by September 20, 2013.   In addition, by June 17, 2013, Plaintiff may file an Amended Complaint to name an individual defendant in his or her official capacity.  Defendant need not file an Answer to the Complaint (or to the Amended Complaint) until July 2, 2013.

DATED this 13th day of May, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

_____

[4]  In granting leave to file an Amended Complaint, the court makes no determination concerning whether injunctive relief in the form of reinstatement is appropriate under the ADEA.